UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW WILSON LEONARD, #266914,

        Petitioner,

                                        CASE NO. 2:22-CV-11716
v.                                   HONORABLE NANCY G. EDMUNDS

BRYAN MORRISON,

        Respondent.
_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

    This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254.   Michigan prisoner Matthew Wilson Leonard ("Petitioner") was convicted of first-degree criminal sexual conduct (relationship), Mich. Comp. Laws § 750.520b(1)(b), pursuant to a plea in the Genesee County Circuit Court, and was sentenced to 15 to 40 years imprisonment in 2016.   In his pleadings, Petitioner raises claims concerning the validity of his sentence, the conduct of the prosecutor, and the effectiveness of trial and appellate counsel.   For the reasons set forth, the Court denies the habeas petition.   The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

**II.    Facts and Procedural History**

    Petitioner's conviction arises from his sexual penetration of his friend's teenage daughter when he was living with them in Thetford Township, Genesee County, Michigan in May, 2016.   *See* 9/14/16 Plea Hrg. Tr, ECF No. 6-2, PageID.247.   On September 14,

1026, Petitioner pleaded guilty to first-degree criminal sexual conduct in exchange for the prosecutor's recommendation that he be sentenced within the applicable sentencing guidelines range (11 to 18 years), that he not be charged with any crimes arising from data obtained from his devices, and that he not be subject to an habitual offender enhancement.  *Id.* at PageID.245-246.

At the sentencing hearing on October 10, 2015, the parties agreed to the Michigan Department of Corrections' scoring of the minimum guidelines range at 5 to 17.5 years imprisonment.  *See* 10/10/16 Sent. Hrg. Tr., ECF No. 6-3, PageID.265-266.  The trial court then sentenced Petitioner to 15 to 40 years imprisonment, in accordance with the plea agreement, with credit for time served.  *Id*. at PageID.270.

Following his plea and sentencing, Petitioner filed a motion for re-sentencing with the state trial court contesting the scoring of Offense Variables 3, 4, 8, and 11.  *See* Mot. & Br., ECF No. 6-4.  The state trial court granted the motion as to OV 3, reducing its score to zero points, but left the remaining scores unchanged.  The court denied re-sentencing because the applicable guidelines range did not change.  *See* 6/26/17 Genesee Co. Cir. Ct. Order, ECF No. 6-7.  Petitioner filed an application for leave to appeal with the Michigan Court of Appeals contesting the trial court's ruling only as to OV 4 and OV 11.  *See* App., ECF No. 6-14, PageID.348.  The court denied leave to appeal for lack of merit in the grounds presented.  *See* 12/28/17 Mich. Ct. App. Order, ECF No. 6-14, PageID.346.  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising those same claims, as well as additional claims asserting that the trial court erred in scoring OV 8 at 15 points and that the prosecution breached

the plea agreement by scoring Prior Record Variables 2 and 5 at 5 points each.   *See* App., ECF No. 6-15, PageID.430-443.   The Michigan Supreme Court denied leave to appeal in a standard order.   *People v. Leonard*, 502 Mich. 903, 913 N.W.2d 323 (2018).

Petitioner subsequently filed a motion for relief from judgment with the state trial court asserting that the prosecutor committed misconduct by breaching the terms of the plea agreement, by using his prior record to enhance his sentence, and by misrepresenting his guideline range causing him to be sentenced outside his applicable guideline range, that trial counsel was ineffective for failing to negotiate the proper guidelines and for allowing facts beyond those admitted by him to be relied upon to increase his sentence, and that appellate counsel was ineffective for failing to raise the foregoing issues on direct appeal.   *See* Mot., ECF No. 6-8, PageID.298.   The trial court denied the motion pursuant to Michigan Court Rule 6.508(D)(3) and on the merits.   *See* 12/26/18 Genesee Cir. Ct. Order, ECF No. 6-10.

Following state court proceedings irrelevant to the case at hand, the trial court re-issued its December, 2018 judgment to allow Petitioner to pursue a timely appeal.   *See* 1/28/21 Genesee Cir. Ct. Order, ECF No. 10-13.   Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying the motion for relief from judgment. *See* 7/8/21 Mich. Ct. App. Order, ECF No. 6-18, PageID.608.   Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied for failure to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D).   *People v. Leonard*, 509 Mich. 865, 970 N.W.2d 325 (2022).

3

Petitioner thereafter filed his federal habeas petition raising the following claims:

I.  Due Process requires that he be re-sentenced as his minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment and his sentence is invalid.

II.  The prosecutor committed prosecutorial misconduct and egregious judicial error by breaching the formerly established terms of his plea agreement by using his prior record to enhance his sentence and misrepresenting his guideline range causing him to be sentenced outside his applicable guidelines range.

III.  He was denied his state and federal constitutional right to the effective assistance of trial counsel where counsel failed to negotiate the proper guidelines and allowed facts beyond those admitted by him to be relied on to increase his sentence.

IV.  He was denied his Sixth Amendment right to the effective assistance of appellate counsel when appellate counsel neglected to raise significant and obvious issues on appeal.

ECF No. 1, PageID.3.  Respondent filed an answer to the habeas petition contending that it should be denied because certain claims are procedurally defaulted and all of the claims lack merit.  ECF No. 5.  Petitioner filed a reply to that answer.  ECF No. 7.

## III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA provides in relevant part:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court

5

decisions be given the benefit of the doubt.'"   *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."   *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."   *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).   A habeas court "must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.   *Id*.   Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*.; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014).   Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."   *Woods v. Donald*, 575 U.S. 312, 316 (2015).   A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

6

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v.*

*Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Discussion

### A.   Procedural Default

As an initial matter, Respondent contends that certain habeas claims are barred by procedural default. The Court declines to address this defense. While a state procedural default can, and often should, provide sufficient reason for a federal court to deny habeas relief, *see Benton v. Brewer*, 942 F.3d 305, 307 (6th Cir. 2019) ("Comity and federalism demand nothing less."), procedural default is not a jurisdictional bar to habeas review. *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)); *see also Overton v. MacCauley*, 822 F. App'x 341, 345 (6th Cir. 2020) ("Although procedural default often appears as a preliminary question, we may decide the merits first."). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated

8

issues of state law." *Lambrix*, 520 U.S. at 525.   Such is the case here.   The procedural issue is complex and intertwined with the merits of the ineffective assistance of counsel claims, and the substantive claims are more readily decided on the merits.   Accordingly, the Court shall proceed to the merits of the claims.

    **B.**    **Merits**

        **1.**    **Sentencing Claim**

Petitioner first asserts that he is entitled to habeas relief because certain offense variables (OV 4, OV 8, and OV 11) of the state sentencing guidelines were improperly scored and the trial court relied upon facts neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence in violation of the Sixth Amendment. Respondent contends that this claim lacks merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review.   *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).   Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.   *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentence of 15 to 40 years imprisonment is within the statutory maximum for his offense.   *See* MICH. COMP. LAWS § 750.520b (authorizing a maximum sentence of life imprisonment).   Consequently, his sentence is insulated from habeas review absent a federal constitutional violation.

Petitioner challenged the scoring of the disputed offense variables on direct

appeal in the state courts.   The Michigan Court of Appeals denied leave to appeal for lack of merit and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.   As an initial matter, to the extent that Petitioner contests the trial court's scoring of the disputed offense variables under state law, he is not entitled to relief.   A claim challenging the scoring of the offense variables of the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim.   *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).   Alleged errors in scoring the offense variables and determining the sentencing guideline range do not warrant federal habeas relief.   State courts are the final arbiters of state law and federal courts will not intervene in such matters.   *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002).   Habeas relief does not

10

lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He had a sentencing hearing and a hearing on his motion for re-sentencing before the state trial court with an opportunity to contest the scoring of the offense variables and the sentencing decision. The trial court sentenced Petitioner within the guidelines (as initially and finally scored) in accordance with his plea agreement. Petitioner fails to establish that the trial court relied upon materially false or inaccurate information in imposing his sentence which he had no opportunity to correct. Habeas relief is thus not warranted on such a basis.

Petitioner relatedly asserts that his sentence was imposed in violation of his Sixth Amendment rights because the state trial court relied upon facts neither admitted by him nor proven beyond a reasonable doubt. Petitioner did not raise this claim as a distinct issue in the state courts, although he raised it in the context of an ineffective assistance

11

of counsel claim on collateral review.   Accordingly, the Court shall review the claim de novo.[1]

This sentencing claim arises from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, 570 U.S. 99 (2013).   In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."   *Apprendi*, 530 U .S. at 490.   In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."   *Blakely*, 542 U.S. at 303.   In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt.   *Alleyne*, 570 U.S. at 111-12.

In *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015), the Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines violate the Sixth Amendment because the guidelines "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range."   *Lockridge*, 870 N.W.2d

---

[1]Of course, the Court would reach the same result under a deferential standard of review.

at 506.   The court's remedy was to make the guidelines advisory only.   *Id*. at 520-21.

The United States Court of Appeals for the Sixth Circuit has since issued a decision

agreeing with *Lockridge* and ruling that *Alleyne* clearly established that Michigan's pre-

*Lockridge* mandatory minimum sentencing guidelines scheme violated the Sixth

Amendment.   *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th Cir. 2018).   The Sixth

Circuit explained that "[a]t bottom, Michigan's sentencing regime violated *Alleyne*'s

prohibition on the use of judge-found facts to increase mandatory minimum sentences."

*Id*. at 716.   This Court is bound by the Sixth Circuit's decision.

In this case, Petitioner was sentenced on October 10, 2016, well after *Lockridge*

was decided in July, 2015.   At that point, the Michigan sentencing guidelines were

advisory, not mandatory.   Purely advisory applications of the guidelines do not run afoul

of the Sixth Amendment.   *See Booker*, 543 U.S. at 232 ("If the Guidelines as currently

written could be read as merely advisory provisions that recommended, rather than

required, the selection of particular sentences in response to differing sets of facts, their

use would not implicate the Sixth Amendment.   We have never doubted the authority of

a judge to exercise broad discretion in imposing a sentence within a statutory range.");

*Banks v. Parish*, No. 1:21-CV-00042, 2021 WL 266621, *6-7 (W.D. Mich. Jan. 27, 2021)

(denying habeas relief on similar claim because the petitioner was sentenced after

*Lockridge*); *Jakubowski v. Chapman*, No. 2:19-CV-13136, 2021 WL 253878, *5 (E.D.

Mich. Jan. 26, 2021) (same).

Because the guidelines were advisory at the time of sentencing, the trial court

exercised its discretion in imposing Petitioner's sentence.   "Facts that the trial court may

have found in support of its exercise of discretion do not implicate the Sixth Amendment."
*Holder v. Jackson*, No. 17-CV-408, 2017 WL 3205762, *4 (W.D. Mich. July 28, 2017)
(summarily dismissing habeas petition raising similar sentencing claim); *see also*
*Wiggins v. Balcarcel*, No. 18-CV-10124, 2018 WL 659280, *5 (E.D. Mich. Feb. 1, 2018)
(citing *Holder* and denying habeas relief on sentencing claim).  Petitioner's sentence
was not imposed in violation of the Sixth Amendment.  Habeas relief is not warranted
on this claim.

## 2.    Prosecutorial Misconduct Claim

Petitioner next asserts that he is entitled to habeas relief because the prosecutor
engaged in misconduct by failing to honor the terms of his plea agreement, using prior
record variables in scoring the minimum sentencing guideline range to increase his
sentence, and misrepresenting his guideline range causing him to be sentenced outside
the applicable guideline range.  Respondent contends that this claim lacks merit.

The United States Supreme Court has made clear that prosecutors must "refrain
from improper methods calculated to produce a wrongful conviction."  *Berger v. United
States*, 295 U.S. 78, 88 (1935).  To prevail on a claim of prosecutorial misconduct, a
habeas petitioner must demonstrate that the prosecutor's conduct "so infected the trial
with unfairness as to make the resulting conviction a denial of due process."  *Donnelly
v. DeChristoforo*, 416 U.S. 637, 643 (1974); *see also Darden v. Wainwright*, 477 U.S.
168, 181 (1986) (citing *Donnelly*); *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming
that *Donnelly/Darden* is the proper standard).  The standard "is a very general one,
leaving courts more leeway ... in reaching outcomes in case-by-case determinations."

14

*Parker*, 567 U.S. at 48 (punctuation modified).   "That leeway increases in assessing a state court's ruling under AEDPA" because the court "cannot set aside a state court's conclusion on a federal prosecutorial-misconduct claim unless a petitioner cites ... other Supreme Court precedent that shows the state court's determination in a particular factual context was unreasonable."   *Stewart v. Trierweiler*, 867 F.3d 633, 638-39 (6th Cir. 2017).

In *Santobello v. New York*, 404 U.S. 257, 262 (1971), the Supreme Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."   *Santobello* only applies to promises that induce a defendant to enter the plea.   *Mabry v. Johnson*, 467 U.S. 504, 507-08, 510 (1984).   Furthermore, the prosecution is held only to the literal terms of the plea agreement.   *United States v. Packwood*, 848 F.2d 1009, 1012 (9th Cir. 1988).   A federal habeas court should not "'lightly find misrepresentation in a plea agreement.'"   *Myers v. Straub*, 159 F. Supp. 2d 621, 627 (E.D. Mich. 2001) (quoting *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000)).

Petitioner raised this claim on collateral review in the state courts.   The trial court denied relief, explaining in relevant part:

> The record in this case shows that the prosecutor and defendant's attorney reached a plea agreement that was reduced to writing on September 14, 2016; the defendant's plea was placed on the record during a plea taking proceeding that very same day. (Plea Transcript, September 14, 2016, and written plea agreement).
>
> The multifaceted plea agreement consisted of a plea of guilty by

15

defendant to the charge of criminal sexual conduct in the first degree, a life felony, pursuant to MCL 750.520(b)(1)(b), in exchange for which the prosecutor would not bring any additional criminal sexual conduct charges relating to this victim, or any charges relating to a forensic examination of the defendant's electronic equipment. Further, there would be no sentence enhancement. (Defendant could have been HO2 [habitual offender] based on one prior felony conviction). Both counsel further agreed that the applicable guidelines range was eleven to eighteen years on the minimum, and the prosecutor agreed to recommend to the sentencing judge that such a sentence be imposed. (Plea Transcript, September 14, 2016, p 6, 12–13, and 16, and written plea agreement).

Defense counsel agreed that the plea agreement was complete as stated. (P.T. p 13–15). Defendant asserted his understanding of and agreement with the plea agreement as stated by the prosecutor. (P.T. p 7 and 15).

It was further stated on the record that if the sentencing court determined it could not follow the recommendation of the prosecutor regarding sentencing, the defendant would be allowed to withdraw his plea. (P.T. p 16). Defendant indicated that he understood the sentencing recommendation. (P.T. p 16).

Although the Court was not bound by the sentencing recommendation, the Court did in fact follow the recommendation, and sentenced defendant to a term of years that was less than the top of both his first calculated guidelines which was 18 years as the top of his minimum, as well the second guidelines wherein 17.5 years was the top. Indeed, defendant was sentenced to 15 years on the minimum which was clearly within the range under either set of guidelines.

Defendant cannot show any prejudice from his trial counsel's calculation of the guidelines since they were ultimately scored at less than originally anticipated.

To the extent that defendant claims ineffective assistance of counsel based on a lack of explanation of the sentencing guidelines, as the prosecutor pointed out in their response, the presentence investigation report was discussed on the record at sentencing. Indeed, defendant was asked if he had a chance to read the report to which he answered: "Yes, ma'am." (Sentencing Transcript, October 10, 2016, p 3).

Of course, the sentencing guidelines were a part of the presentence report, Defendant did not express any confusion about the contents of his presentence report, and he had an opportunity to address the Court prior

16

to sentencing. (S. Tr. p 8). Counsel even pointed out to the Court that the Michigan Department of Corrections scored the guidelines at 5 to 17.5 years rather than the eleven to eighteen years that counsel had contemplated at the time the plea was entered. (S. Tr. p 5). Both counsel expressed satisfaction with the guidelines as scored by the Michigan Department of Corrections (S. Tr. 5 and 6).

There can be no prosecutorial misconduct where the record shows that the Genesee County Prosecutor's Office honored the plea agreement in all respects. No additional charges were brought based on conduct with the victim, nor for any other criminal activity that may have been committed by defendant, nor did the prosecutor seek habitual offender status with its attendant enhancement of the guidelines. Finally, the prosecutor not only recommended a sentence within defendant's sentencing guidelines, but went even further by agreeing to adopt the Michigan Department of Corrections' calculation of the guidelines even though they were somewhat lower than had been originally contemplated.

Defendant has clearly failed to articulate a basis for relief from judgment based on prosecutorial misconduct.

12/26/18 Genesee Co. Cir. Ct. Order, ECF No. 6-10, PageID.331-334.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.   Petitioner fails to show that the prosecutor breached any promise or agreement.   Petitioner received the promised benefits of his bargain – he was sentenced within the sentencing guideline range as recommended by the prosecutor, he was not charged with any conduct arising from date on his devices, and he was not subject to an habitual offender sentencing enhancement.

Petitioner's claim is belied by the record.   At the plea hearing, the parties specifically agreed that "there would not be any enhancement or habitualization." 9/14/16 Plea Hrg. Tr., ECF No. 6-2, PageID.246.   Such language refers to a statutory provision that provides for habitual offender sentencing enhancements, Mich. Comp.

Laws § 769.10 *et seq*., a charging decision that lies within the prosecutor's discretion. Mich. Comp. Laws § 769.13(1).   Neither the prosecutor, trial counsel, nor the trial court promised that the prior record variables would not be scored in determining Petitioner's minimum sentencing guideline range.   In fact, while the Michigan sentencing guidelines are now advisory, the variables must still be scored and considered by the trial court at sentencing.   *See Lockridge*, 498 Mich. at 391-92 (ruling that sentencing courts "must continue to consult the applicable guidelines range and take it into account when imposing sentence").   Moreover, the parties agreed to their own scoring of sentencing guidelines at the plea hearing, 9/14/16 Plea Hrg. Tr., ECF No. 6-2, PageID.245, and then agreed to the Michigan Department of Corrections' scoring of the sentencing guidelines (which was more favorable to Petitioner) at the sentencing hearing, 10/10/16 Sent. Hrg. Tr., ECF No. 6-3, PageID.265-266, and both of those calculations included PRV scoring. Petitioner indicated that he understood the terms of the plea agreement.   9/14/16 Plea Hrg. Tr., ECF No. 6-2, PageID.246.   Petitioner is not entitled to habeas relief based upon his purported subjective understanding of the plea agreement when his version conflicts with the plea and sentencing hearing records.   *See Mabry,* 467 U.S. at 510-11. Petitioner fails to show that the prosecutor failed to honor the plea agreement or otherwise engaged in conduct which rendered the proceedings fundamentally unfair. Habeas relief is not warranted on this claim.

### 3.   Ineffective Assistance of Trial Counsel Claim

Petitioner next asserts that trial counsel was ineffective for failing to negotiate the proper scoring of the guidelines and for allowing facts beyond those admitted by him to

be relied upon to increase his sentence. Respondent contends that this claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, a petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair proceeding. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner has the burden of overcoming the presumption that the challenged actions were sound strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient

to undermine confidence in the outcome of the proceeding.   *Id*.   "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."   *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.   "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."   *Harrington*, 562 U.S. at 105 (internal and end citations omitted).   "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."   *Id*.

Petitioner raised this claim on collateral review in the state courts.   The trial court applied the foregoing standards and denied relief.   The court explained in relevant part:

> In his second issue defendant asserts ineffective assistance by trial counsel in that she failed to accurately compute his sentencing guidelines and failed to explain to him that the guidelines set forth a comprehensive scheme for scoring the variables.
>
> Ineffective assistance of counsel requires a two part showing:
>
> > (1) that counsel's performance fell below an objective standard of reasonableness under prevailing norms, and
> >
> > (2) that there is a reasonable probability that but for counsel's error, the result of the proceedings would have been different.

*Porter v Mccollam*, 558 US 30; 130 S Ct 471; 175 L Ed 2d 398, 2009).

Stated another way: (1) was counsel's performance deficient, and, if so, (2) did the deficient performance prejudice the defense? *People v LaVearne*, 448 Mich 207, 213 (1995).

Defense counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012). It is defendant's burden to overcome this presumption and demonstrate both deficient performance and prejudice. *People v Corbin*, 463 Mich 590; 623 NW2d 884 (2001).

Defendant claims his trial counsel was ineffective for an alleged failure to accurately compute his guidelines. Any such failure, however, was cured when the prosecuting attorney at sentencing agreed to go with the lower sentencing guideline range calculated by the Michigan Department of Corrections, i.e., 5 to 17.5 years rather than the 11 to 18 year range that had been contemplated at the plea taking proceedings. (S. Tr. p 5).

In addition, although a motion for resentencing brought by defendant's appellate counsel resulted in a rescoring of OV3 at zero rather than at ten points, the guideline range did not change. (See Order dated June 26, 2017).

To the extent defendant claims trial counsel was ineffective due to an alleged failure to explain to defendant that the sentencing guidelines provide a comprehensive scheme for calculating a range for defendant's minimum sentence, the record shows that the presentence report of which the guidelines are an integral part was discussed at his sentencing. The Court inquired whether defendant had read the presentence investigation report and whether he had any corrections or additions thereto. (S. Tr. p 3–4). At no time did defendant express either confusion or a lack of understanding about the guidelines, or their function.

In any event, defendant has failed to establish any deficiency in trial counsel's performance that has affected the outcome of his case.

Any other issues with the scoring of guidelines i.e., OV4, OV8, and OV 11, have been raised in a motion for resentencing brought by his appellate counsel as well as in his application for leave to appeal, as well as in defendant's in pro per application for leave for appeal to the Michigan

Supreme Court, and have been decided adversely to defendant. The correction involving the deletion of 10 points from the scoring of OV3 did not change the guideline range.

Defendant has failed to establish that any deficiency in trial counsel's performance prejudiced him. He has also failed to establish that but for the alleged deficient performance, the outcome of his sentencing would have been different.

He is NOT entitled to relief from judgment based on his claim of ineffective assistance of trial counsel.

Furthermore, as the exact same scoring issues have been raised previously and decided against defendant, he is not entitled to relief from judgment with respect thereto. MCR 6.508(D)(2).

12/28/18 Genesee Co. Cir. Ct. Order, ECF No. 6-10, PageID.334-336.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, assuming that Petitioner can show that trial counsel erred by failing to object to the scoring of OV 3 at the time of sentencing, he cannot establish that he was prejudiced by counsel's conduct because the state court later granted relief on this claim, corrected the scoring, and ruled that the correction did not affect the guideline range. Similarly, even assuming that Petitioner can show that trial counsel erred in initially scoring the minimum sentencing guideline range at 11 to 18 years imprisonment at the time of the plea, he cannot establish that he was prejudiced by counsel's conduct because the parties and the court subsequently agreed to the more favorable minimum sentencing guideline range of 5 to 17.5 years imprisonment at the time of sentencing – and Petitioner's minimum sentence of 15 years imprisonment is within the minimum sentencing guideline range under both calculations. Lastly, as to the scoring of OV 4, OV 8, and OV 11, Petitioner cannot

22

establish that trial counsel erred and/or that he was prejudiced by counsel's conduct given the state court's ruling that those variables were properly scored under state law, as well as this Court's determination that no due process or Sixth Amendment violation occurred.   Trial counsel cannot be deemed ineffective for failing to make a futile or meritless argument.   *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020); *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010).   Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard.   Habeas relief is not warranted on this claim.

### 4.      Ineffective Assistance of Appellate Counsel Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because appellate counsel was ineffective for failing to raise his collateral review issues on direct appeal. Respondent contends that this claim lacks merit.

As discussed, in order to establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's performance was deficient ... [and] that the deficient performance prejudiced the defense."   *Strickland*, 466 U.S. at 687.   It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal.   *Jones v. Barnes*, 463 U.S. 745, 751 (1983).   The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy .... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754.   Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).   In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *See Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-752).   "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).   In other words, the failure to raise an issue on appeal can only be ineffective "if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004).

Petitioner raised this claim on collateral review in the state courts.   The trial court denied relief, explaining in relevant part:

> The test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel. *People v Uphaus*, 278 Mich App 174, 186; 748 NW2d 899 (2008).
>
> Defendant claims his appellate counsel was ineffective for two reasons: First, defendant claims his appellate counsel did not raise the scoring of OV8 in his application for leave to appeal. He also claims appellate counsel did not raise the scoring of OV4 in either the motion for resentencing or in the application for leave to appeal. He is incorrect. The

24

scoring of both OV4, 8, and 11 was raised in a motion for resentencing. The scoring of OV4 and 11 was raised in the application for leave to appeal to the Michigan Court of Appeals.

Defendant asserts that the factual predicate for the scoring of these OV's did not come from facts he admitted during the plea taking proceeding, nor were they found by a jury. (Note: this was a plea so no jury was involved).

However, the presentence report at page 4 contains the victim's statement that the defendant woke her up, pulled her by the arm to the bathroom, and raped her in there. This is clearly the asportation required for the scoring of OV8. In *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015), the Court of Appeals has stated:

> When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination.

As OV8 was correctly scored, not asserting a misscoring thereof does not constitute ineffective assistance of appellate counsel. In addition, the alleged inaccurate scoring of OV8 was asserted in defendant's in pro per application for leave to appeal to the Michigan Supreme Court, but leave to appeal was denied by that Court in an order dated July 3, 2018. As to OV4 defendant raises no new arguments and as to OV11, defendant makes no substantial argument, merely claiming that his appellate counsel failed to effectively argue this issue in his application for leave to appeal. Defendant's appellate counsel did raise this issue in the brief filed with the Court of Appeals, and cited law in support of her argument. Merely because the Court of Appeals did not agree with the arguments raised by appellate counsel does not make her representation constitutionally ineffective. *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008) citing *People v Kevorkian*, 248 Mich App 378, 414–415; 639 NW2d 291 (2001).

Defendant's argument that appellate counsel was ineffective by not raising the issue of ineffective assistance of trial counsel is not supported by the record in this case. Appellate counsel does not have a constitutional obligation to raise every possible issue. Indeed, an appellate lawyer is called upon to review and focus on the issues most likely to succeed on appeal. *People v Reed*, 449 Mich 375, 391; 535 NW2d 496 (1995). It appears that defendant's appellate counsel reviewed the record and

determined that any possible defect in trial counsel's assistance was dealt with in defendant's motion for resentencing wherein the scoring of OV3 was reduced to 0, although this reduction did not result in any lowering of the guideline range.

As defendant has failed to establish any failure on trial counsel's part that has not previously been addressed by this Court, the Court of Appeals, and the Michigan Supreme Court his appellate counsel cannot be deemed ineffective for omitting such claims relating to ineffective assistance of counsel in the brief filed on defendant's behalf in the Michigan Court of Appeals.

12/26/18 Genesee Co. Cir. Ct. Order, ECF No. 6-10, PageID.337-339.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel raised substantial issues after sentencing and on direct appeal including claims challenging the scoring of several offense variables (one successfully). Additionally, none of the defaulted claims are "dead-bang winners" given the state courts' and/or this Court's denial of relief on those claims.

Moreover, even if appellate counsel erred in some fashion, Petitioner cannot show that he was prejudiced by counsel's conduct given that the collateral review claims lack merit. *See* discussion *supra*. Appellate counsel cannot be deemed ineffective for failing to raise issues that lack merit. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). Petitioner fails to show that appellate counsel was ineffective. Habeas relief is not warranted on this claim.

26

**V.      Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.   Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue.   *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).   A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).   "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court concludes that Petitioner makes no such showing.   Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.   *See* Fed. R. App. P. 24(a).   Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.


                                                            s/Nancy G. Edmunds
                                                            NANCY G. EDMUNDS
                                                            UNITED STATES DISTRICT JUDGE

Dated:   June 7, 2023

<u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 7, 2023.

        <u>s/William Barkholz </u>
        IN THE ABSENCE of
        Lisa Bartlett, Case Manager